Levisay v. Delp.

9b  415
117  529

## LEVISAY v. DELP et al.

1. FERRY LICENSE. *Injunction. Chancery Court. Has no power to protect parties possessing statute privileges and franchises. When. Statement:* The banks of the river are owned by different persons, both run a ferry and have the same landing, one with, the other without, a license. *Held,* land may be appropriated to the use of a public ferry as an easement for the benefit of the public, but a person who runs a ferry, under a license, has no such rights against third persons, who set up an opposition without license, as a court of equity can protect by injunction or otherwise.

   Case cited: Corporation of Memphis v. John Overton *et als.,* 3 Yer., 390.
   Code cited: Sections 1241, 1242 and 1248.

2. SAME. *Evidence. Records of County Court are. When.* In courts of equity the records of the county court, when duly certified to and regularly filed as evidence, become such as much as a deposition or any other testimony.

---

FROM HANCOCK.

---

Appeal from the Chancery Court. H. C. SMITH, Chancellor.

JARVIS & DAVIS for complainant.

T. M. FULKERSON for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill was filed to enjoin defendants from carrying on a ferry on Clinch river, to the injury of complainant's ferry, which was licensed by the county court of Hancock county in 1873, and had been kept up by him from that time.

The proof shows complainant owns an undivided interest in the land on the north side of the river. Defendants, in January, 1876, had bought a small portion of the land including the landing, on the south side, and soon after commenced to run their ferry boat, both parties using the same landings. It will be seen, that this is not a contest between two rival claimants for a license to establish a ferry, as in most of the cases reported in our books. Complainant has his license, and by virtue of it enjoys the ferry franchise. His complaint is, that another party is engaged in running a ferry boat at the same place from the opposite side of the river, and his contention is, that the court shall stop this by injunction.

We do not say that there may not be cases where a court of chancery would intervene to protect the rights of a party, for an "injunction may be granted," says Mr. Story, (Eq. Jur., vol. 2, Perry Ed., sec. 927), "in favor of parties possessing a statute privilege or franchise, to secure the enjoyment of it from invasion by other parties. The right would have to be clear and exclusive in such cases, and in England, established, if disputed, by a verdict, before a perpetual injunction would be decreed."

In our State, the ferry franchise is deemed one of public interest, standing on the same footing as a public road, and the land of a party may on this principle be appropriated to the use of a public ferry, as an assessment for the use of the public. See 3 Yer., 390.

The county court, by sec. 4206 of the Code, is given the general supervision over roads and ferries,

Levisay *v.* Delp.

to establish and regulate the same.     By sec. 1241,
the *owner* of both banks of the river is entitled to
have a ferry upon application to the county court.
By sec. 1242, where the banks are owned by different
persons, each owner is entitled to keep a ferry; and
each is entitled to transport persons across the river
and land them on the opposite bank, by the next
section of the Code.     The county court must author-
ize the ferry in each case, however, and is required
to take a bond for faithful performance of the duties
imposed by law.     See sec. 1248.

The result of this is, that while complainant is
entitled under his license, while it is unrevoked, to
run his ferry, as against the other party he has no
exclusive rights which a court of equity ought to en-
force, any more than a licensed merchant would have
as against an unlicensed dealer, who might sit down
and commence business by his side.     The latter would
violate the law by thus engaging in the business with-
out license, but would not be answerable to the other
party for such violation in a court of chancery.     It
would be an idle exercise of the injunctive power by
the court to restrain him in this case, when as owner
of one bank of the river, he may apply to the county
court and obtain a license or order establishing his
ferry, thus legalizing it, at next term of that court.

It is perhaps proper to refer to the question made
by counsel, that the record of the county court is not
evidence in this case, because not made so by bill of
exceptions.     The cases referred to by counsel have
27—VOL. 9.

no bearing on this case—they were at law. In this, the record duly certified, was regularly filed as evidence in the case, and became evidence, as much as a deposition or any other testimony.

On the whole case, the chancellor's decree dismissing the bill is correct, and we affirm it with costs.